PER CURIAM.
This appeal arises out of a motor vehicle accident. Appellee decedent, Crisoforo Aguilar, was a passenger in a van occupied by nine other people. The van collided with a tractor-trailer owned and operated by appellant. The trial court consolidated nine of the ten cases filed by the passengers and provided in its order that the trial on the issue of liability in the Nineteenth Judicial Circuit Court case of Barroso v. Ron Burton, Inc., et al. would be binding and determinative of the issue of liability in the remaining consolidated cases. The Barroso case settled without a determination of liability. A companion case, brought by the personal representative of Juarez, another passenger in the van, went to trial. The Juarez jury found appellant twenty-five per cent negligent in causing the accident. In the case sub judice, the trial court directed liability in favor of ap-pellee based upon the jury’s finding in the Juarez case. The instant case then proceeded to trial on the issue of damages only and the jury awarded appellee $290,-000. Appellant contends the trial court erred when it determined liability based upon the verdict in the Juarez case. We agree.
None of the parties moved for an order that would have bound the parties in this *736 case to the jury’s finding on liability in the Juarez case. Since appellee Aguilar’s claim was not joined and was not in issue in the Juarez case, the doctrines of collateral estoppel and estoppel by judgment do not apply. We find no merit in the other points raised by appellant in this appeal.
We reverse the final judgment in favor of appellee and remand this case for a new trial on both the issue of liability and the issue of damages.
REVERSED and REMANDED.
LETTS, DELL and STONE, JJ., concur.